## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Reginald Shontez Fryar, | ) | Civil Action No. 2:12-1328-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. J.W. Chapman (County of Colleton, | ) | |
| City of Walterboro, | ) | |
| Walterboro Police Department), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 17, 2012, Reginald Shontez Fryar (the "plaintiff"), filed this pro se action

alleging that the above-captioned defendant violated his constitutional rights prior to and during

his arrest. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C.,

this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report

and recommendation ("R&R"). On June 5, 2012, the magistrate judge issued an order that

granted the plaintiff's motion to proceed in forma pauperis and specifically advised the plaintiff

that he was responsible for notifying the Court in writing if his address changed.

The defendant was served on August 6, 2012, but did not file an answer. On September

11, 2012, the magistrate judge issued an order which set a deadline for the plaintiff to file an

affidavit of default. The plaintiff's copy of the order was returned to the Clerk of Court on

September 26, 2012, with the envelope marked "Return to sender, not deliverable as addressed,

unable to forward." The order again was mailed to the plaintiff, and again was returned as

undeliverable on October 12, 2012. Accordingly, on October 15, 2012, the magistrate judge

issued an R&R that recommended that the action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections to the R&R and the serious consequences if he failed to do so. The plaintiff's copy of the R&R was returned to the Clerk of Court on November 5, 2012, with the envelope marked "Return to sender, not deliverable as addressed, unable to forward."

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).



After reviewing the record of this matter, the applicable law, and the R&R of the

magistrate judge, the Court agrees with the conclusions of the magistrate judge. The plaintiff has

failed to notify the Court, in writing, as to his change of address, and is in violation of the

magistrate judge's order. Therefore, the Court adopts and incorporates the R&R (ECF No. 18)

by reference in this Order, and dismisses the plaintiff's action, with prejudice, in accordance with

Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED**.

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

November 6, 2012
Charleston, South Carolina